UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BENJAMIN WISE,<br><br>    Plaintiff,<br><br>    v.<br><br>MAXIMUS FEDERAL SERVICES, INC., et al.,<br><br>    Defendants. | Case No. 18-CV-07454-LHK<br><br>**ORDER GRANTING UNITED'S MOTION TO COMPEL ARBITRATION; DISMISSING CROSS-CLAIM WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 54 |

Plaintiff Benjamin Wise brings suit against MVI Administrators Insurance Solutions, Inc., Monterey County Hospitality Association Health and Welfare Plan, United HealthCare Services, Inc., Monterey County Hospitality Association, Maximus Federal Services, Inc., and United HealthCare Insurance Co. (collectively, "Defendants") with regard to a denial of benefits to which Plaintiff claims he is entitled under his health insurance plan, which is covered by the Employee Retirement Income Security Act ("ERISA"). Defendant Monterey County Hospitality Association Health and Welfare Trust (the "Trust") filed a cross-claim against Defendant United HealthCare Services, Inc. ("United"). Before the Court is United's motion to compel arbitration of the Trust's cross-claim. Having considered the submissions of the parties, the relevant law, and the record in

1

this case, the Court GRANTS United's motion to compel arbitration of the Trust's cross-claims and DISMISSES the Trust's cross-claim without prejudice.

## I. BACKGROUND

### A. Factual Background

#### 1. Plaintiff's Insurance Plan and Treatment Denial

Plaintiff's employer, Eric Miller Architects, is a participating employer of the group health and welfare plan ("Plan") sponsored by the Monterey County Hospitality Association. ECF No. 1 ("Compl."), ¶¶ 34, 36. Plaintiff participates in the Plan through Eric Miller Architects. *Id.* at ¶ 3. The Trust funds the Plan, according to the Summary Plan Description:

> The Plan is a welfare benefit plan that provides group health and welfare benefits through a multiple employer welfare arrangement which is funded by a voluntary employees' beneficiary association ("VEBA") trust fund, the Monterey County Hospitality Association Health and Welfare Trust ("Trust"), established under section 501(c)(9) of the Internal Revenue Code. All benefits are fully insured. The Plan is not collectively bargained and does not apply to employees covered by collective bargaining agreements. Contributions are paid by Participating Employers and COBRA beneficiaries to the Trust.

*Id.* at ¶ 9. The Plan offers health insurance options through United, which sets policies and guidelines regarding the coverage of health benefits. *Id.* at ¶ 38. The Trust entered a Group Policy Agreement with United regarding United's coverage of health benefits under the Plan. ECF No. 54-1, Ex. A.

In 2002, Plaintiff was involved in a vehicular accident that rendered Plaintiff's left arm completely paralyzed. *Id.* at ¶ 4. Dr. Ken Hashimoto determined that Plaintiff was a candidate for a prosthetic and referred Plaintiff to the Valley Institute of Prosthetics and Orthotics for further evaluation by certified prosthetists and orthotists. *Id.* at ¶¶ 21-22. Dr. Brandon Green at the Valley Institute determined that Plaintiff met the criteria for the prosthetic, and Plaintiff requested preauthorization coverage of the prosthetic from United. *Id.* at ¶¶ 22, 41. On October 10, 2017, United denied Plaintiff's request and, on December 11, 2017, United denied Plaintiff's appeal. *Id.* at ¶¶ 42, 48. In an independent medical review facilitated by the California Department of

2

Case No. 18-CV-07454-LHK
ORDER GRANTING UNITED'S MOTION TO COMPEL ARBITRATION; DISMISSING CROSS-CLAIM WITHOUT PREJUDICE

Insurance, the reviewing physicians concluded that "the requested device is not likely to be more beneficial for treatment of the patient's medical condition than any available standard therapy." *Id.* at ¶ 60. Plaintiff alleges in his complaint that the Trust and United breached their fiduciary duties to Plaintiff by denying Plaintiff's request for benefits. *Id.* at ¶ 3.

### 2. The Trust's Allegations Against United

In its cross-claim, the Trust alleges that United was solely responsible for providing benefits to Plaintiff under the Plan. ECF No. 37 ("CC"), ¶ 19. United also had sole responsibility "for determining whether the claim was or was not covered, whether the claim should be accepted or denied in whole or in part, and whether Plaintiff's appeal from the denial of his claim should be granted or rejected." *Id.* By contrast, the Trust had "no power or ability to accept or reject Plaintiff's claim or to take any action with respect to such claim." *Id.* at ¶ 20. As such, the Trust requests indemnity from United. *Id.* ¶ 22.

### 3. Group Policy Agreement Between the Trust and United

United and the Trust entered into a Group Policy Agreement ("Policy"), effective August 1, 2017. ECF No. 54-1, Ex. A. As relevant here, Section 6.2 of the Policy is entitled "Dispute Resolution and Binding Arbitration Requirement." *Id.* at 1. Section 6.2 states: "This Policy requires that disputes be resolved in binding arbitration. You are waiving your right to sue UnitedHealthcare Insurance Company in court to resolve a dispute. You are waiving your right to a jury trial." *Id.* Section 6.2 establishes that United and the Trust must first attempt to informally resolve any dispute between them, and then must submit the dispute to arbitration:

> No legal proceeding or action may be brought until the parties have attempted, in good faith, to resolve the dispute amongst themselves. In the event the dispute is not resolved within 30 days after one party has received written notice of the dispute from the other party, and either party wishes to pursue the dispute further, this applies to disputes of any kind whatsoever, including, but not limited to, claims for medical malpractice (that is, as to whether any medical services rendered under Policy were unnecessary or unauthorized or were improperly, negligently or incompetently rendered), the dispute may be submitted to arbitration as set forth below.

The parties acknowledge that because this Policy affects interstate commerce, the

3

> Federal Arbitration Act applies. If the Enrolling Group wishes to seek further review of the decision or the complaint or dispute, it must submit the decision, complaint or dispute to binding arbitration pursuant to the rules of the American Arbitration Association. This is the only right the Enrolling Group has for further consideration of any dispute that arises out of or is related to this Policy.

*Id.* Finally, Section 6.2 states: "Arbitration will take place in Orange County, California." *Id.*

### B. Procedural History

On December 11, 2018, Plaintiff filed suit against Defendants. ECF No. 1. Plaintiff brings claims for ERISA benefits, breach of fiduciary duty, and denial of full and fair review against all Defendants. *Id.* at ¶¶ 66–87.

On March 15, 2019, the Trust filed a cross-complaint asserting a cross-claim against United. ECF No. 37 ("CC"). The Trust also filed an answer to Plaintiff's allegations and filed a third-party complaint against Eric Miller Architects. *Id.* In the cross-claim against United, the Trust requested "a declaration and adjudication that in the event the Trust is found liable to Plaintiff, that [United] must reimburse and indemnify the Trust for any and all liability, damages, reimbursement, or other relief awarded against the Trust in this action." *Id.* at ¶ 22.

On April 26, 2019, United filed the instant motion to compel arbitration of the Trust's cross-claim against United. ECF No. 54 ("Mot."). On May 10, 2019, the Trust filed its opposition, ECF No. 62 ("Opp."), and on May 17, 2019, United filed its Reply. ECF No. 76 ("Reply").

## II. LEGAL STANDARD

The Federal Arbitration Act ("FAA") applies to arbitration agreements in any contract affecting interstate commerce. *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 119 (2001); 9 U.S.C. § 2. Under Section 3 of the FAA, "a party may apply to a federal court for a stay of the trial of an action 'upon any issue referable to arbitration under an agreement in writing for such arbitration.'" *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68 (2010) (quoting 9 U.S.C. § 3).

Interpretation of arbitration agreements generally turns on state law. *See Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 630–31 (2009). However, the United States Supreme Court has

4

Case No. 18-CV-07454-LHK
ORDER GRANTING UNITED'S MOTION TO COMPEL ARBITRATION; DISMISSING CROSS-CLAIM WITHOUT PREJUDICE

stated that "the first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute," and that "[t]he court is to make this determination by applying the federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985). The FAA creates a body of federal substantive law of arbitrability that requires a healthy regard for the federal policy favoring arbitration and preempts state law to the contrary. *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 475-79 (1989) ("[T]he FAA must be resolved with a healthy regard for the federal policy favoring arbitration."). However, "state law is not entirely displaced from federal arbitration analysis." *Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931, 936–37 (9th Cir. 2001).

In deciding whether a dispute is arbitrable under federal law, a court must answer two questions: (1) whether the parties agreed to arbitrate; and, if so, (2) whether the scope of that agreement to arbitrate encompasses the claims at issue. *See Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015). If the party seeking to compel arbitration establishes both factors, the court must compel arbitration. *See Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). "The standard for demonstrating arbitrability is not a high one; in fact, a district court has little discretion to deny an arbitration motion, since the [FAA] is phrased in mandatory terms." *Republic of Nicar. v. Std. Fruit Co.*, 937 F.2d 469, 475 (9th Cir. 1991).

However, the FAA's savings clause "allows courts to refuse to enforce arbitration agreements 'upon such grounds as exist at law or in equity for the revocation of any contract.'" *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1622 (2018) (quoting 9 U.S.C. § 2). "The clause 'permits agreements to arbitrate to be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability.'" *Id.* (quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011)) (internal quotation marks omitted).

## III. DISCUSSION

The instant motion concerns whether to compel arbitration of the Trust's cross-claim for

indemnity against United. The Trust does not contest that the FAA applies or whether the arbitration provision in Section 6.2 of the Policy is valid. Accordingly, the sole question under the FAA is whether Section 6.2 encompasses the dispute at issue in the Trust's cross-claim. *See Brennan*, 796 F.3d at 1130 (holding that a court must determine "whether the [arbitration] agreement covers the dispute"). As a result of the liberal policy in favor of arbitration, "all doubts are to be resolved in favor of arbitrability and, as a result, the [complaint] need only 'touch matters' covered by the contract." *In re Orange, S.A.*, 818 F.3d 956, 962 (9th Cir. 2016) (internal quotation marks and citation omitted).

When addressing the scope of an arbitration agreement, the Court must "first look to the express terms" of the agreement at issue. *Chiron Corp.*, 207 F.3d at 1130. In this instance, the arbitration provision in Section 6.2 of the Policy plainly requires arbitration of all disputes "whatsoever" between United and the Trust that arise from United's agreement to cover health benefit services under the Plan funded by the Trust:

> No legal proceeding or action may be brought until the parties have attempted, in good faith, to resolve the dispute amongst themselves. In the event the dispute is not resolved within 30 days after one party has received written notice of the dispute from the other party, and either party wishes to pursue the dispute further, this applies to disputes of any kind whatsoever, including, but not limited to, claims for medical malpractice (that is, as to whether any medical services rendered under Policy were unnecessary or unauthorized or were improperly, negligently or incompetently rendered), the dispute may be submitted to arbitration as set forth below.
>
> The parties acknowledge that because this Policy affects interstate commerce, the Federal Arbitration Act applies. If the Enrolling Group wishes to seek further review of the decision or the complaint or dispute, it must submit the decision, complaint, or dispute to binding arbitration pursuant to the rules of the American Arbitration Association. This is the only right the Enrolling Group has for further consideration of any dispute that arises out of or is related to this Policy.

Ex. A. Accordingly, by its terms, the arbitration provision "applies to disputes of any kind whatsoever" and requires arbitration of "any dispute that arises out of or is related to this Policy." *Id.*

Per the Trust's cross-claim and Plaintiff's complaint, the instant dispute is related to

6

Case No. 18-CV-07454-LHK
ORDER GRANTING UNITED'S MOTION TO COMPEL ARBITRATION; DISMISSING CROSS-CLAIM WITHOUT PREJUDICE

United's denial of Plaintiff's benefits under the Plan. The Policy governs the relationship between United, which provides coverage under the Plan, and the Trust, which funds the Plan. *See* Compl. ¶ 35 (alleging that United contracted with the Trust to provide benefits under the Plan). In its cross-claim, the Trust "alleges that it owed no fiduciary or other duties under the employee benefit plan which is the subject of Plaintiff's Complaint." CC ¶ 18. As a result, the Trust requests that United indemnify the Trust if the Trust is found liable to Plaintiff for the denial of benefits. *Id.* at ¶ 22. Accordingly, because the Trust's indemnity cross-claim touches matters covered by the Policy (the relationship between United and the Trust with respect to the Plan), the FAA requires arbitration of the cross-claim.

The Trust's opposition brief does not engage in any analysis of the Policy's arbitration provision, and does not contest that the Policy's arbitration provision plainly requires arbitration of the instant dispute. Instead, the Trust appears to argue that as a categorical matter, an ERISA cross-claim is not arbitrable. However, that proposition is incorrect, and the two cases that the Trust cites offer the Trust no support. *See Munro v. Univ. of S. Cal.*, 896 F.3d 1088, 1091 (9th Cir. 2018); *Amaro v. Continental Can Co.*, 724 F.2d 747 (9th Cir. 1984).

In *Munro*, the arbitration agreement required arbitration of claims between employees and the university. 896 F.3d at 1092. Yet the employees sought to bring claims against the university on behalf of the employees' retirement plan. *Id.* at 1090. The Ninth Circuit held that the arbitration agreement did not cover claims "belonging to other entities," such as the retirement plan. *Id.* at 1092. The Ninth Circuit explained that a plaintiff bringing suit under ERISA for breach of fiduciary duty "seeks recovery only for injury done to the plan." *Id.* at 1092–93. The dispute was between the plan and the university, but the arbitration agreement covered only claims between the employees and the university. *Id.* Accordingly, *Munro* is a straightforward application of the inquiry into whether an arbitration agreement encompasses the claims at issue in the dispute between the two parties. In contrast to *Munro*, the arbitration provision in this case covers disputes between the Trust and United, and the instant dispute is one between the Trust and

7

Case No. 18-CV-07454-LHK
ORDER GRANTING UNITED'S MOTION TO COMPEL ARBITRATION; DISMISSING CROSS-CLAIM WITHOUT PREJUDICE

United.

Finally, *Amaro* concerned not whether an ERISA cross-claim is arbitrable under a given arbitration agreement, but rather whether the plaintiffs in that particular case had a statutory duty under ERISA to exhaust arbitration procedures. 724 F.2d at 751–52. Rather, it is well established that where an arbitration agreement requires arbitration of a dispute, ERISA claims are arbitrable. *See, e.g.*, *Sanzone-Ortiz v. Aetna Health of Cal., Inc.*, 2015 WL 9303993, at *5 (N.D. Cal. Dec. 22, 2015) (compelling arbitration of plaintiff's ERISA claim); *see also Arnulfo P. Sulit, Inc. v. Dean Witter Reynolds, Inc.*, 847 F.2d 475, 478 (8th Cir. 1988) (rejecting plaintiff's argument that the FAA does not apply to ERISA claims). ERISA claims are not subject to special treatment under the FAA. Therefore, because the arbitration provision in the Agreement encompasses the Trust's cross-claim, arbitration is required.

Primarily, the Trust argues that the Court should exercise its discretion to deny United's motion to compel. Opp. at 3. However, the Court cannot exercise its discretion to deny a meritorious motion to compel arbitration under the FAA. Where an arbitration clause requires arbitration, "[t]here is no room for discretion, as the FAA 'mandates that district court shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.'" *Munro*, 896 F.3d at 1091 (quoting *Chiron Corp.*, 207 F.3d 1126 at 1130). The Trust's citation to *In re EPD Investment Co., LLC*, 821 F.3d 1146 (9th Cir. 2016), is inapposite because *EPD Investment* concerned a bankruptcy's court's statutory discretion under the Bankruptcy Code to deny a motion to compel arbitration, and did not address the FAA. *Id.* at 1150 (citing 28 U.S.C. § 157(b)(2)(B)). The instant case is not a bankruptcy case, which means the Court cannot exercise any discretion to deny United's motion to compel.

Accordingly, the Court GRANTS United's motion to compel arbitration of the Trust's cross-claim and DISMISSES the Trust's cross-claim without prejudice. *See Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1074 (9th Cir. 2014) (holding that under the FAA, a court "may either stay the action or dismiss it outright when . . . the court determines that all of the

8

Case No. 18-CV-07454-LHK
ORDER GRANTING UNITED'S MOTION TO COMPEL ARBITRATION; DISMISSING CROSS-CLAIM
WITHOUT PREJUDICE

claims raised in the action are subject to arbitration").

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS United's motion to compel arbitration of the Trust's cross-claim and DISMISSES the Trust's cross-claim without prejudice.

**IT IS SO ORDERED.**

Dated: August 5, 2019

*Lucy H. Koh*
LUCY H. KOH
United States District Judge