1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11

United States District Court
Northern District of California

12 | BENJAMIN WISE,                          | Case No. 18-CV-07454-LHK
13 |              Plaintiff,                  | **ORDER GRANTING IN PART**
14 |        v.                                | **PLAINTIFF'S MOTION FOR**
                                              | **ATTORNEY'S FEES AND**
15 | MONTEREY COUNTY HOSPITALITY              | **REIMBURSEMENT OF COSTS**
   | ASSOCIATION HEALTH AND
16 | WELFARE PLAN, et al.,
17 |              Defendants.

18

19        Plaintiff Benjamin Wise ("Plaintiff") sued the Monterey County Hospitality Association

20 Health and Welfare Plan; the Monterey County Hospitality Association; MVI Administrators

21 Insurance Solutions, Inc. ("MVI"), UnitedHealthcare Insurance Company and United Healthcare

22 Services, Inc. (collectively, "UHC"), and MAXIMUS Federal Services, Inc. ("MAXIMUS") for

23 denial of benefits to which Plaintiff claimed he was entitled under the Monterey County

24 Hospitality Association Health & Welfare Plan.  Before the Court is Plaintiff's motion for

25 attorney's fees and reimbursement of costs, which Plaintiff seeks from Defendants UHC.[1]  ECF

26

27 _____

[1] Plaintiff's motion for attorney's fees and reimbursement of costs contains a notice of motion
paginated separately from the points and authorities in support of the motion.  ECF No. 233 at 1–

1

28

No. 233.  Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS in part Plaintiff's motion.

## I.       BACKGROUND

### A. Factual Background

Plaintiff's employer, Eric Miller Architects, participates in the Monterey County Hospitality Association Health & Welfare Plan (the "Plan").  The Plan is covered by the Employee Retirement Income Security Act ("ERISA"), and provides medical benefits through Defendants UHC.  UHC promulgates a Certificate of Coverage, which outlines which services will be covered by UHC.  *See* Findings of Fact and Conclusions of Law, ECF No. 224, at 7.  The Certificate of Coverage provides for an internal appeals process for adverse determinations made by UHC, as well as an "Independent External Review Program," which is conducted through the California Department of Insurance.  *Id.* at 11.  The California Department of Insurance contracts with various third-party entities to perform that independent review process, including MAXIMUS.  *Id.*

In 2002, Plaintiff was involved in a vehicular accident that injured Plaintiff's arm.  *Id.* at 12.  On September 19, 2017, Dr. Brandon Green, a physician consultant and Chief Medical Officer of Myomo, Inc., submitted a request for coverage of the MyoPro Motion G ("MyoPro") for Plaintiff's use, which is manufactured by Myomo.  *Id.* at 13.  On October 10, 2017, UHC denied Plaintiff's request for coverage of the MyoPro.  *Id.* at 14.  On November 22, 2017, Dr. Green filed an appeal of UHC's denial of benefits.  On December 11, 2017, UHC denied Plaintiff's appeal.  *Id.*  Plaintiff then filed a request for an independent medical review with the California Department of Insurance.  *Id.* at 15.  Dr. Green filed a letter in support of Plaintiff's appeal.  *Id.*  MAXIMUS conducted the independent medical review.  *Id.*  After conducting a review, MAXIMUS upheld UHC's decision.  *Id.* at 16.

### B. Procedural History

---

2. Civil Local Rule 7-2(b) provides that the notice of motion and points and authorities must be contained in one document with the same pagination.

Case No. 18-CV-07454-LHK
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND REIMBURSEMENT OF COSTS

On December 11, 2018, Plaintiff filed suit against MVI, Monterey County Hospitality Association Health and Welfare Plan, Monterey County Hospitality Association, UHC, and MAXIMUS.  Complaint, ECF No. 1.  Plaintiff's initial complaint alleged three causes of action against all Defendants: (1) wrongful denial of benefits under ERISA § 502(a)(1)(B), 28 U.S.C. § 1132; (2) breach of fiduciary duty under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and (3) denial of full and fair review under ERISA § 503, 29 U.S.C. § 1133.  *Id.*

On April 26, 2019, MVI filed a motion to dismiss the complaint.  ECF No. 55.  On July 2, 2019, the Court granted MVI's motion to dismiss the complaint without prejudice.  ECF No. 93.

On August 1, 2019, Plaintiff filed a first amended complaint, alleging the same three causes of action.  ECF No. 101 ("FAC").  On August 30, 2019, MVI filed a motion to dismiss the FAC.  ECF No. 128.

On November 15, 2019, the Court granted a stipulation between Plaintiff and Monterey County Hospitality Association and Monterey County Hospitality Association Health and Welfare Trust that dismissed Plaintiff's claims against those two entities with prejudice.  ECF No. 145. With that stipulation Monterey County Hospitality Association and Monterey County Hospitality Association Health and Welfare Trust were no longer parties to the instant case.

On January 21, 2020, the Court granted MVI's motion to dismiss with prejudice as to the three causes of action against MVI.  ECF No. 154.  With that order, MVI was no longer a party to the instant case.

On January 24, 2020, UHC and MAXIMUS each filed a motion for summary judgment. ECF Nos. 157, 159.  Plaintiff also filed a motion for partial summary judgment on January 24, 2020.  ECF No. 162.  On April 8, 2020, the Court ruled on the parties' motions for summary judgment.  ECF No. 181.  The Court denied Plaintiff's motion for partial summary judgment.  *Id.* The Court also denied the motions for summary judgment of UHC and MAXIMUS as to Plaintiff's claim for improper denial of benefits under ERISA § 502(a)(1)(B).  *Id.*  The Court granted the motions for summary judgment of UHC and MAXIMUS as to Plaintiff's claim for

Case No. 18-CV-07454-LHK
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND REIMBURSEMENT OF COSTS

United States District Court
Northern District of California

breach of fiduciary duty under ERISA § 502(a)(3) to the extent Plaintiff sought restitution. *Id.* The Court denied the motions for summary judgment of UHC and MAXIMUS as to Plaintiff's claim for breach of fiduciary duty under ERISA § 502(a)(3) to the extent it sought injunctive relief. *Id.* Finally, the Court granted the motions for summary judgment of UHC and MAXIMUS as to Plaintiff's claim for denial of a full and fair review under ERISA § 503. *Id.*

On June 5, 2020, UHC, MAXIMUS, and Plaintiff filed trial briefs. ECF Nos. 198, 199, 201. On June 19, 2020, UHC, MAXIMUS, and Plaintiff filed responses to the trial briefs. ECF Nos. 209, 210, 211. On August 12, 2020, the Court filed a Findings of Fact and Conclusions of Law, finding that UHC improperly denied coverage of the MyoPro to Plaintiff under ERISA § 502(a)(1)(B); UHC did not breach its fiduciary duty under ERISA § 502(a)(3); MAXIMUS did not improperly deny coverage of the MyoPro to Plaintiff under ERISA § 502(a)(1)(B); and MAXIMUS did not breach its fiduciary duty under ERISA § 502(a)(3). ECF No. 224. The Court entered judgment the same day. ECF No. 225.

On September 9, 2020, Plaintiff filed the instant motion for attorney's fees and reimbursement of costs, seeking $156,645.00 in attorney's fees and $846.39 in costs from UHC. Motion for Attorney's Fees and Reimbursement of Costs. ECF No. 233, at 1 ("Mot."). Plaintiff also filed declarations from Plaintiff's attorneys and an exhibit documenting hours billed during litigation. See ECF No. 233-1 ("Jason Davis Decl."); ECF No. 233-3 ("Zoila Davis Decl."); ECF No. 233-2 ("Ex. A"). On September 23, 2020, UHC filed an opposition. ECF No. 236. UHC also filed a declaration from attorney Courtney C. Hill. See ECF No. 236-1 ("Courtney C. Hill Decl."). On September 23, 2020, MAXIMUS filed a statement clarifying that Plaintiff had agreed in writing and on the phone that MAXIMUS was the prevailing party and therefore Plaintiff was not seeking fees and costs from MAXIMUS. ECF No. 237. On September 30, 2020, Plaintiff filed a reply, along with a declaration from attorney Jason Davis and an exhibit. ECF No. 238; ECF No. 238-1.

## II. LEGAL STANDARD

Case No. 18-CV-07454-LHK
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND REIMBURSEMENT OF COSTS

1    Pursuant to 29 U.S.C. § 1132(g)(1), the Court "in its discretion may allow a reasonable

2 attorney's fee and costs of action to either party."  The United States Supreme Court has clarified

3 that § 1132(g)(1) does not "require that a fee claimant be a prevailing party before he may seek a

4 fee award."  *Hardt v. Reliance Std. Life Ins. Co.*, 560 U.S. 242, 252 (2010) (internal quotation

5 marks omitted).  Rather, "a court in its discretion may award fees and costs to either party as long

6 as the fee claimant has achieved some degree of success on the merits."  *Id.* (internal quotation

7 marks omitted).  Importantly, "[a] claimant does not satisfy that requirement by achieving trivial

8 success on the merits or a purely procedural victor[y], but does satisfy it if the court can fairly call

9 the outcome of the litigation some success on the merits without conducting a lengthy inquir[y]

10 into the question whether a particular party's success was substantial or occurred on a central

11 issue."  *Id.* at 255 (internal quotation marks omitted)

12    Post-*Hardt*, the Ninth Circuit has directed that "[i]n order to grant fees under 29 U.S.C. §

13 1132(g)(1), courts must first determine whether a litigant has achieved some degree of success on

14 the merits.  If so, courts must then determine whether the *Hummell* factors weigh in favor of

15 awarding that litigant attorney's fees.  Only if both of these conditions are met may a district court

16 award fees."  *Simona v. Glendale Nissan/Infiniti Disability Plan*, 608 F.3d 1118, 1122 (9th Cir.

17 2010) (citing *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446 (9th Cir. 1980)).

18    When considering the *Hummell* factors, the Court asks: "(1) the degree of the opposing

19 parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees;

20 (3) whether an award of fees against the opposing parties would deter others from acting under

21 similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and

22 beneficiaries of an ERISA plan or to resolve a significant question regarding ERISA; and (5) the

23 relative merits of the parties' positions."  *Id.* 1121.  No single *Hummell* factor "is necessarily

24 decisive."  *Carpenters S. Cal. Admin. Corp. v. Russell*, 726 F.2d 1410, 1416 (9th Cir. 1984).

25 **III.    DISCUSSION**

26    **A.  Plaintiff has Achieved Some Success on the Merits**

27                                          5

28 Case No. 18-CV-07454-LHK
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND REIMBURSEMENT OF
COSTS

United States District Court
Northern District of California

Plaintiff argues first that because this Court held that UHC improperly denied Plaintiff's claim for benefits for a MyoPro powered arm brace, Plaintiff has achieved "'some degree of success on the merits' sufficient to authorize the recovery of costs and attorney's fees."  Mot. at 6 (quoting *Hardt*, 560 U.S. at 244).  UHC does not deny that Plaintiff achieved some degree of success on the merits although UHC argues that Plaintiff's failure to prevail on each of his claims against UHC limits the scope of fees that Plaintiff should receive.  Opp. at 2.  The Court agrees that Plaintiff has achieved some success on the merits.  Although Plaintiff prevailed on only his claim for denial of coverage by UHC under ERISA § 502(a)(1)(B), that outcome was not a "trivial success" or "purely procedural victory."  *Hardt*, 560 U.S. at 255.  This constitutes some degree of success on the merits.  Plaintiff therefore meets the standard for attorney's fees under *Hardt*.

**B.  The *Hummell* Factors Favor Awarding Fees and Costs to Plaintiff**

Post-*Hardt*, the Ninth Circuit has indicated that once a party has demonstrated that they have achieved some degree of success on the merits, "courts must then determine whether the *Hummell* factors weigh in favor of awarding that litigant attorney's fees.  Only if both of these conditions are met may a district court award fees."  *Simonia*, 608 F.3d at 1122.  The *Hummell* factors are: "(1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant question regarding ERISA; and (5) the relative merits of the parties' positions."  *Id.* 1121.  No one factor is decisive.  *Carpenters S. Cal. Admin. Corp.*, 726 F.2d at 1416.

Plaintiff argues that the five *Hummell* factors favor an award of attorney's fees and costs. Mot. at 7.  UHC does not dispute that these factors favor awarding attorney's fees and costs to Plaintiff, nor does UHC address the *Hummell* factors beyond acknowledging that courts in this circuit consider them.  Opp. at 5.  The Court agrees with Plaintiff that when considered together, the *Hummell* factors favor awarding attorney's fees and costs to Plaintiff.  The Court will briefly

6

United States District Court
Northern District of California

1  discuss the five *Hummell* factors.

2          The first factor considers the degree of the opposing parties' culpability in the litigation.

3  The Court found that UHC improperly denied coverage of the MyoPro to Plaintiff under ERISA §

4  502(a)(1)(B).  UHC was therefore culpable in denying Plaintiff the coverage that he sought.  As

5  such, the first factor weighs in favor of awarding attorney's fees and costs.

6          The second factor considers the ability of the opposing party to satisfy an award of fees.

7  Plaintiff states that "UHC has a market capitalization in excess of $296 billion."  Mot. at 10.

8  Regardless of the exact size of UHC, UHC does not claim that they would have any difficulty

9  paying even the maximum award that Plaintiff seeks.  The second factor therefore weighs in favor

10  of awarding attorney's fees and costs.

11          The third factor considers whether an award of attorney's fees against the opposing party

12  would deter others from acting under similar circumstances.  Plaintiff argues that "[m]any health

13  insurance companies maintain similar policies that outright deny coverage for the MyoPro.

14  [Plaintiff's] victory here may have an effect on other health insurers to discontinue such outright,

15  improper policies."  *Id.*  UHC does not dispute this argument, and the Court agrees that an award

16  of attorney's fees may deter UHC from denying similar claims in the future.  *See Carpenters S.*

17  *Cal. Admin. Corp*, 726 F.2d 1410 at 1416 ("If [defendants] face the prospect of paying attorney's

18  fees for successful plaintiffs, they will have added incentive to comply with ERISA.").  The Court

19  therefore finds that factor three favors an award of attorney's fees.

20          The fourth factor considers whether the party requesting attorney's fees sought to benefit

21  all participants and beneficiaries of an ERISA plan, or to resolve an important question regarding

22  ERISA coverage.  Plaintiff argues that "[Plaintiff] and his counsel in this action have conferred a

23  substantial benefit on other similarly situated persons.  There is now a ruling in favor of coverage

24  for the MyoPro."  Mot. at 8.  The Court agrees.  Moreover, Plaintiff's complaint sought wider,

25  injunctive relief against UHC that would have directly benefited future claimants seeking coverage

26  of the MyoPro device, regardless of their individualized medical conditions.  UHC acknowledges

27

28  Case No. 18-CV-07454-LHK
    ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND REIMBURSEMENT OF
    COSTS

this fact.  Opp. at 2.  Although Plaintiff did not prevail on his claim for injunctive relief, Plaintiff did seek to benefit a wider group of plan participants.  Therefore, the Court finds that the fourth factor favors Plaintiff's request for attorney's fees and costs.

Finally, the fifth factor considers the relative merit of the parties' positions.  Plaintiff argues that "UHC was found to have wrongfully denied Plaintiff's claim for coverage of the MyoPro," and Plaintiff "should not be forced to incur legal fees out of his own pocket to litigate a matter that should never had needed to be filed in the first place."  Mot. at 8.  The Court agrees. Although Plaintiff did not prevailed on all of his claims, Plaintiff did prevail on his claim for wrongful denial of benefits by UHC.  *See Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) ("Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee.").  The fifth factor therefore favors awarding attorney's fees and costs.

Considered together, the Court finds that the *Hummell* factors "sufficiently weigh in favor of an award of fees, although the appropriate amount [may be] subject to dispute." *Bain v. Oxford Health Insurance Inc.*, 2020 WL 1332080, at *4 (N.D. Cal. Mar. 23, 2020) (quoting *Barnes v. AT & T Pension Benefit Plan-Nonbargained Program*, 963 F. Supp. 2d 950, 968 (N.D. Cal. 2013)). UHC does not challenge this conclusion, but instead challenges only which fees and costs Plaintiff is entitled to receive.

### C.  Reasonable Fees

Although UHC does not challenge Plaintiff's argument that Plaintiff is entitled to attorney's fees and costs under *Hardt* and the *Hummell* factors, UHC does challenge the amount of fees and costs that Plaintiff is entitled to receive.  "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433.  This is the so-called lodestar calculation. *Oster v. Standard Ins. Co.*, 768 F. Supp. 2d 1026, 1034 (N.D. Cal. 2011) (explaining lodestar calculation); *see also D'Emanuele v. Montgomery Ward & Co., Inc.*, 904 F.2d

1379, 1383 (9th Cir. 1990) (holding that the lodestar factors should be considered in awarding attorney's fees in an ERISA action).

### 1.  Hourly Rate

Plaintiff seeks an hourly rate of $450 for attorney D. Jason Davis and an hourly rate of $525 per hour for attorney Zoila E. (Villacorta) Davis.  Mot. at 7.  In support of these rates, Plaintiff provides declarations from both attorneys detailing their experience with ERISA litigation and their history of practice.  *Id*; Jason Davis Decl. at ¶¶ 2–6; Ex. A; and Zoila Davis Decl. at ¶¶ 1–7.  Plaintiff further argues that these rates are within the range of hourly rates approved in ERISA cases from almost a decade ago.  *See Oster*, 768 F. Supp. 2d at 1034–35 (citing hourly rates in 2011 ranging from $350 an hour to $650 an hour).  UHC does not challenge these hourly rates.  Given Plaintiff's undisputed evidence,  the Court finds that these hourly rates are reasonable.

### 2.  Plaintiff's Number of Hours

The Court must next determine whether the hours Plaintiff claims were expended are reasonable.  *Hensley*, 461 U.S. at 433.  The Court may exclude any hours that are "excessive, redundant, or otherwise unnecessary."  *Id.* at 434.  Plaintiff seeks to recover 242.4 hours for attorney Jason Davis, which is the time that Davis spent litigating this case minus 18.9 hours spent opposing MVI's motion to dismiss.  Mot. at 5.  Plaintiff also seeks to recover 90.6 hours for attorney Zoila Davis, for a total of 333 hours.  *Id.*  In support of these figures, Plaintiff has submitted time sheets and declarations from both attorneys.  Multiplying the requested hourly rates by the requested hours, Plaintiff argues that Plaintiff is entitled to a lodestar award of $156,645.00.  *Id.*

UHC offers three arguments in support of their contention that Plaintiff's requested fees should be reduced.  First, UHC argues that Plaintiff seeks "fees that relate to work done during this litigation pursing claims against other defendants."  Opp. at 2.  Second, UHC argues that Plaintiff should not be awarded attorney's fees for time spent litigating the fiduciary duty claim

Case No. 18-CV-07454-LHK
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND REIMBURSEMENT OF COSTS

United States District Court
Northern District of California

against UHC because Plaintiff did not prevail on that claim.  *Id.*  Third, UHC argues that

Plaintiff's request for 8.4 hours in August of 2020 lacks proper documentation.

### a.  Hours Spent Pursuing Claims Against Other Defendants

First, UHC argues that UHC "should not pay for attorneys' fees incurred for time spent

working on litigating this case against other defendants."  Opp. at 6.  UHC further notes that

"multiple time entries submitted in support of Plaintiff's instant Motion indicate that the work

done was either entirely or partially for other defendants in this action."  *Id.*  Specifically, UHC

argues that they have identified 94.4 hours billed by Jason Davis and 23.8 hours billed by Zoila

Davis "that were either entirely or partially spent litigating this case against Defendants other than

[UHC]."  Opp at 7; ECF No. 236-1 ("Decl. of Courtney C. Hill").  Plaintiff argues, and the Court

agrees, that UHC's objection involves two distinct categories: (1) time spent on this case that

involved UHC and other Defendants, (2) time spent that did not involve UHC.  Reply at 3.

As to the first of these categories, the Court agrees with Plaintiff that this time should not

be reduced simply because Plaintiff's work also involved other Defendants.  Where Plaintiff

would have needed to complete a task regardless of whether there was another Defendant

involved, or where Plaintiff's work on a task affected multiple Defendants including UHC, that

time is properly included in the lodestar calculation.  However, where a task entirely concerned a

different Defendant, the Court agrees with UHC that time spent on that task should not be

included in the lodestar calculation.  Where a time-entry included both tasks that involved or

impacted UHC, as well as tasks that did not, the Court has attempted to reduce the hours

calculated to account for time spent on tasks that did not involve or directly affect UHC.

After a careful examination of Plaintiff's time sheet and UHC's suggested reductions, the

Court concludes that UHC has improperly excluded several time entries that involved UHC.  *See,

e.g.*, Courtney Hill Decl. at 6 (billing entries for 3/4/2019 and 3/5/2019)  The Court also notes that

UHC appears to have subtracted hours spent litigating MVI's motions to dismiss, which Plaintiff

has already subtracted from the total number of hours.  *See, e.g., id*. at 8 (billing entries for

10

United States District Court
Northern District of California

1    4/13/2019 and 4/14/2019).  The Court therefore will not subtract hours solely dedicated to

2    opposing MVI's motions to dismiss, given that Plaintiff has already subtracted 18.9 hours from

3    the total to account for time spent opposing the MVI's motions to dismiss.  After reviewing each

4    entry, the Court instead finds that 71.1 hours from Jason Davis and 21.9 hours from Zoila Davis

5    should be excluded from the lodestar calculation because those hours solely concerned other

6    Defendants and had not already been reduced by Plaintiff to account for time spent opposing

7    MVI's motions to dismiss.

8    **b.  Hours Spent on Fiduciary Claim**

9    Second, UHC argues that Plaintiff should not be awarded attorney's fees for time spent

10   litigating Plaintiff's fiduciary duty claim against UHC because Plaintiff did not prevail on that

11   claim.  In support of this argument, UHC cites an unpublished Ninth Circuit case, *Gorbacheva v.*

12   *Abbot Laboratories Extended Disability Plan*, 794 Fed. Appx. 590, 594 (9th Cir. 2019).  In

13   *Gorbacheva*, the Ninth Circuit reversed and remanded the district court's award of fees because

14   "Gorbacheva refused an early settlement offer from the Plan," and "[t]he district court's order

15   remanding the matter—which Gorbacheva touts as a success—was nearly identical to the

16   settlement offer and contained no additional benefit."  *Id.*  The Ninth Circuit therefore found that

17   the district court abused its discretion by awarding attorney's fees for hours expended after the

18   rejection of the settlement offer.  *Id.*  However, unpublished decisions are not precedential in the

19   Ninth Circuit.  *See Grimm v. City of Portland*, 971 F.3d 1060, 1067 (9th Cir. 2020) (internal

20   quotation makes omitted) (reminding the parties that memorandum dispositions "are not

21   precedent, except when relevant under the doctrine of law of the case or rules of claim preclusion

22   or issue preclusion.").

23   Instead of *Gorbacheva*, this Court relies on the United States Supreme Court's decision in

24   *Hensley*.  In *Hensley*, the United States Supreme Court explained, that "[w]here a plaintiff has

25   obtained excellent results, his attorney should recover a fully compensatory fee. . . . In these

26   circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on

27

11

28

United States District Court
Northern District of California

every contention raised in the lawsuit." *Hensley*, 461 U.S. at 435.  Thus, the fact that Plaintiff

sought "alternative legal grounds for a desired outcome," does not mean that Plaintiff is not

entitled to reasonable attorney's fees for time spent litigating the case.  *Id.*  Where "a plaintiff has

achieved only partial or limited success," the full lodestar amount "may be . . . excessive."  *Id.* at

436.  In such cases, the United States Supreme Court explained that it is within the discretion of

the district court to "identify specific hours that should be eliminated" or "simply reduce the award

to account for the limited success."  *Id.*

Similarly, in the instant case, Plaintiff should recover a fully compensatory fee for the

denial of benefit claim on which Plaintiff prevailed.  However, Plaintiff lost on its breach of

fiduciary duty claim in part at summary judgment and entirely at trial.  *See* ECF Nos. 181, 224.

Thus, the full lodestar for the fiduciary duty claim is excessive, and a reduction is appropriate.

The Court finds that UHC's suggested reduction of 50% is too large in the context of this

case, given that Plaintiff achieved a central goal of the litigation by prevailing on Plaintiff's claim

for denial of coverage of the MyoPro.  The Court therefore finds that in the context of this case,

Plaintiff's award of fees should be reduced by 15%.  This reduction balances the fact that Plaintiff

ultimately prevailed on Plaintiff's denial of benefits claim for denial of coverage of the MyoPro by

UHC, but did not prevail on Plaintiff's claim for breach of fiduciary duty.  The Court will

therefore reduce Plaintiff's fees by 15%.

### c.  August 2020 Hours

Finally, UHC argues that the Court should exclude the 8.4 hours that attorney Jason Davis

alleges were billed in the month of August 2020, but for which Plaintiff provided no billing

statement or time sheet in the motion for attorney's fees.  *See* ECF No. 233-1, Jason Davis Decl. at

¶ 9.  In Plaintiff's reply brief Plaintiff explained that those hours had not yet been recorded and

Plaintiff attached a supplemental billing statement for those hours.  Reply at 4.  The Court agrees

with UHC that Plaintiff was required to provide sufficient documentation for all hours requested

in the motion for attorney's fees, and Plaintiff failed to provide documentation for the 8.4 hours

12

1    allegedly billed in August in Plaintiff's motion for attorney's fees.  Opp. at 8; *see Hensley*, 461

2    U.S. at 433 ("The party seeking an award of fees should submit evidence supporting the hours

3    worked. . . . Where the documentation of hours is inadequate, the district court may reduce the

4    award accordingly.").  Rather, Plaintiff submitted evidence documenting those 8.4 hours for the

5    first time in Plaintiff's Reply Brief.  Pursuant to Ninth Circuit law, the Court is not required to

6    address arguments raised for the first time in a reply brief because "arguments raised for the first

7    time in reply briefs are waived."  *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1035 (N.D. Cal.

8    Aug. 12, 2014); *Nevada v. Watkins*, 914 F.2d 1545, 1560 (9th Cir. 1990); *see also Kennedy v.*

9    *Berryhill*, 2018 WL 2949469, at *4 (W.D. Wash. June 13, 2018) (finding that evidence for fees

10   raised for the first time in a reply brief will not be considered); *Iconix, Inc. v. Tokuda*, 457 F.

11   Supp. 2d 969, 976 (N.D. Cal. 2006) (sustaining objection to evidence submitted with Plaintiff's

12   reply).  The Court therefore finds that 8.4 hours should be subtracted from the lodestar calculation

13   for attorney Jason Davis.

14          Thus, with the exceptions discussed above, the Court finds that the hours Plaintiff claims

15   are reasonable.  As such, the Court calculates the lodestar as follows: Jason Davis's 171.3 hours at

16   a rate of $450 an hour for a total of $77,085.00, and Zoila Davis's 68.7 hours at a rate of $525 an

17   hour for a total of $36,067.50.  Added together this results in a total of $113,152.50.  The Court

18   reduces that award by 15% in light of Plaintiff's failure to prevail on the breach of fiduciary duty

19   claim, for a total of $96,179.62.

20   **D. Reasonable Costs**

21          Lastly, Plaintiff seeks to recover costs incurred in litigating the instant case.  Mot. at 9.

22   Plaintiff argues that reasonable costs have been expended totaling $846.39.  Among other costs,

23   Plaintiff seeks the cost of serving Monterey County Hospitality Association, Monterey County

24   Hospitality Association Health and Welfare Trust (erroneously sued as Monterey County

25   Hospitality Association Health and Welfare Plan), MAXIMUS, UHC, and MVI.  Mot. at 9.  UHC

26   argues that Plaintiff should not be awarded the cost of serving the four other Defendants in the

27

28
Case No. 18-CV-07454-LHK
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND REIMBURSEMENT OF
COSTS

United States District Court
Northern District of California

1   case, and therefore that $337.56 from Plaintiff's requested costs should be excluded.  Opp. at 7.

2   The Court agrees.

3       First, UHC has no relation to these four other Defendants, and there is no justification for

4   allowing Plaintiff to recover from UHC the cost of serving these four other Defendants.  Second,

5   MAXIMUS and MVI are prevailing parties in this case.  MAXIMUS prevailed in part at summary

6   judgment and entirely at trial.  ECF Nos. 181, 224.  MVI prevailed on its motions to dismiss, and

7   all of Plaintiff's claims against MVI were dismissed with prejudice.  ECF No. 154.  Thus, Plaintiff

8   failed to achieve any success on the merits against MAXIMUS and MVI.  MAXIMUS, MVI, and

9   UHC are not responsible for reimbursing Plaintiff's costs of serving MAXIMUS and MVI.  *See*

10   *Hardt*, 560 U.S. at 254 (a party can recover attorney's fees and costs under § 1132(g)(1) where it

11   achieved some degree of success on the merits).  Finally, in the stipulation dismissing Defendants

12   Monterey County Hospitality Association and Monterey County Hospitality Association Health

13   and Welfare Trust, Plaintiff stipulated that "Plaintiff, the Trust, and MCHA each bear his or its

14   own attorney's fees and costs as to one another."  ECF No. 145 at 2.  Plaintiff cannot now recover

15   these costs from UHC.  The Court therefore excludes the cost of service of these four other

16   Defendants.  After careful review, the Court finds that Plaintiff's other costs are reasonable, and

17   awards costs in the amount of $508.83.

18   **IV.    CONCLUSION**

19       For the foregoing reasons, the Court GRANTS in part Plaintiff's motion for attorney's fees

20   and reimbursement of costs to the amount of $96,179.62 in attorney's fees and $508.83 in costs.

21   Plaintiff is therefore awarded a total of $96,688.45.

22   **IT IS SO ORDERED.**

23

24   Dated: January 28, 2021

25

26                       LUCY H. KOH
                      United States District Judge

27

28   Case No. 18-CV-07454-LHK
     ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND REIMBURSEMENT OF
     COSTS

United States District Court
Northern District of California

14